UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESUS HERNANDEZ-RODRIGUEZ, <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CRIMINAL ACTION NO. <br> 1:17-CR-0157-CAP <br><br> CIVIL ACTION NO. <br> 1:18-CV-4800-CAP |

**O R D E R**

This action is before the court on the magistrate judge's report and recommendation ("R&R") [Doc. No. 48], which recommends denial of the movant's motion to vacate filed pursuant to 28 U.S.C. § 2255 [Doc. No. 41]. The movant has filed objections thereto [Doc. No. 50].

**I. Standard of Review**

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.

Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation and internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## II. Discussion

### A. Background

The movant was indicted on one count of possessing with the intent to distribute at least five kilograms of cocaine [Doc. No. 2]. The movant entered a guilty plea on June 27, 2017, pursuant to a plea agreement. This court sentenced the movant to 168 months' imprisonment [Doc. No. 19].

Through new counsel, the movant filed a timely notice of appeal [Doc. No. 21] and a motion for new trial [Doc. No. 25] arguing that his prior counsel

was ineffective in failing to (1) investigate the movant's inability to read and understand English and Spanish, which the movant contends resulted in an inability to read the Miranda warnings or provide informed consent to search his vehicle and warehouse; and (2) file a motion to suppress evidence obtained as a result of a pretextual traffic stop and invalid consent. Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, this court considered the motion for new trial despite the pendency of the appeal, and on November 8, 2017, the undersigned entered an order denying the motion for new trial, finding that the claims of ineffective assistance of counsel were foreclosed by the movant's guilty plea [Doc. No. 27]. The movant then moved to voluntarily dismiss his pending appeal. *United States v. Rodriguez*, No. 17-14869-AA (11th Cir. Feb. 15, 2018).

**B. Section 2255 Motion**

The movant now collaterally challenges his conviction and sentence. He raises three grounds for relief based on ineffective assistance of counsel, and one ground for relief based on prosecutorial misconduct.

**1. Ineffective Assistance of Counsel Claims**

*a. Claims Raised in the Motion for New Trial*

As pointed out by the magistrate judge in the R&R, the first two claims of ineffective assistance of counsel are the same as those raised by the

3

movant in his motion for new trial.  These claims were addressed by this court in its order denying the motion for new trial [Doc. No. 27].  Thus, the magistrate judge correctly found that the law of the case doctrine applies to bar these claims from additional consideration by this court.  *See United States v. Victores*, 402 F. App'x 465, 466-67 (11th Cir. 2010) (quoting *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996)).

In his objections, the movant argues that the law of the case doctrine does not apply to the claims of ineffective assistance raised and adjudicated in conjunction with the motion for new trial because this court has not yet adjudicated the § 2255 motion to vacate.  In support of his contention, the movant cites *Thomas v. United States*, 572 F.3d 1300 (11th Cir. 2009).  In *Thomas*, the Eleventh Circuit reversed a district court's application of the law of the case doctrine where that court found that the claims raised on collateral review were already decided "by necessary implication" on direct appeal when the appellate court affirmed a defendant's conviction and sentence pursuant to *Anders v. California*, 386 U.S. 738 (1967).  *Id.* at 1302.

The movant's objection is clearly meritless.  Unlike the *Thomas* case, this court has made a merits ruling on the ineffective assistance of counsel claims that were specifically raised in the motion for new trial.  Accordingly,

movant in his motion for new trial.  These claims were addressed by this court in its order denying the motion for new trial [Doc. No. 27].  Thus, the magistrate judge correctly found that the law of the case doctrine applies to bar these claims from additional consideration by this court.  *See United States v. Victores*, 402 F. App'x 465, 466-67 (11th Cir. 2010) (quoting *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996)).

In his objections, the movant argues that the law of the case doctrine does not apply to the claims of ineffective assistance raised and adjudicated in conjunction with the motion for new trial because this court has not yet adjudicated the § 2255 motion to vacate.  In support of his contention, the movant cites *Thomas v. United States*, 572 F.3d 1300 (11th Cir. 2009).  In *Thomas*, the Eleventh Circuit reversed a district court's application of the law of the case doctrine where that court found that the claims raised on collateral review were already decided "by necessary implication" on direct appeal when the appellate court affirmed a defendant's conviction and sentence pursuant to *Anders v. California*, 386 U.S. 738 (1967).  *Id.* at 1302.

The movant's objection is clearly meritless.  Unlike the *Thomas* case, this court has made a merits ruling on the ineffective assistance of counsel claims that were specifically raised in the motion for new trial.  Accordingly,

the magistrate judge is correct that those claims are barred from re-litigation in this § 2255 motion to vacate by the law of the case doctrine.

*b. New Ineffective Assistance of Counsel Claims*

In the motion to vacate, the movant argues, for the first time, that his counsel was ineffective for failing to challenge his consent to search his warehouse and to move to suppress the evidence seized as a result. The magistrate judge found that these claims were waived through the entry of the movant's guilty plea.

This court notes that the movant does not challenge the voluntariness of his plea. Rather, he challenges his counsel's failure to raise a challenge to the consent the movant provided to search his warehouse and the failure to move to suppress the evidence seized in that search. These are not claims he can raise in this post-conviction motion. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.")

Claims that trial counsel gave ineffective assistance regarding search and seizure issues under the Fourth Amendment are among those challenges waived by a knowing and voluntary guilty plea. *United States v. Winslow*,

5

Case No. 8:07–cv–683–T– 23EAJ, 2007 WL 2302277 at *2 (M.D. Fla. Aug. 8, 2007); *Lipscomb v. Sec'y, Dep't of Corr.*, Case No. 8:06–cv–58–T–17EAJ, 2008 WL 434881 at *3–4 (M.D. Fla. Feb. 14, 2008).

In his objections, the movant, without citation to authority or the record, asserts that his counsel's failure to investigate his ability to read and understand English and Spanish and failure to move to suppress evidence seized as a result of invalid consent "directly affected his plea decision." Objections at 7 [Doc. No. 50]. The movant's unsubstantiated claim that counsel's mistakes on a Fourth Amendment issue somehow rendered his guilty plea unknowing are insufficient to overcome a record that reflects that the plea was knowing and voluntary. *See Fisher v. United States*, Civil Action No. 09–00815–KD–N, 2012 WL 6680315 at *6–9 (S.D. Ala. Dec. 3, 2012) (where review of the plea colloquy reveals that the trial court completely advised the defendant of the consequences of pleading guilty, his rights, the nature of the charges, and the factual basis, the defendant will still be deemed to have knowingly and voluntarily pled guilty, and thus to have waived claims of pre-plea ineffective assistance of counsel with respect to a suppression issue). Here, the plea colloquy demonstrates, without question, the voluntary nature of the movant's plea. The movant affirmed that he had read the plea agreement in its entirety, understood the terms and conditions

in the agreement and voluntarily agreed to them, and was fully satisfied with his counsel's representation. *See generally* Plea Tr. [Doc. No 34]. More specifically, the movant stated under oath that: he understood the constitutional rights he was waiving by pleading guilty; he understood the charges to which he was entering his guilty plea and the consequences thereof, including a potential maximum penalty of life imprisonment; he agreed with the government's description of the terms of the plea agreement; his decision to plead guilty was not the product of threats, force, or promises other than those contained in the agreement; he had sufficient time to discuss the charges and his case with counsel, and he was satisfied with counsel's representation; he had conferred with counsel about how the sentencing guidelines might apply in his case; he understood that the guidelines were only advisory; he understood that it was not possible to determine the exact guidelines for his case until after the PSR was completed; and he understood that the court had authority to impose a sentence more or less severe than the guidelines range. Plea Tr. at 5-9, 14, 16-21 [Doc. No. 34]. Therefore, even though the movant asserts in his objections to the R&R that the alleged failures of his pre-plea counsel regarding consent to search and the evidence obtained from the search affected his plea decision, the record establishes that the plea was entered

7

knowingly and voluntarily. Therefore, the magistrate judge correctly found that the ineffective assistance claims pertaining to the consent and search of the movant's warehouse were waived through the entry of the plea, and the movant's objections on this issue are overruled.

**2. Prosecutorial Misconduct Claim**

In the R&R, the magistrate judge found that the movant's claim of prosecutorial misconduct is barred by the waiver of collateral attack rights contained in the plea agreement. *See* Plea Agreement at ¶ 26 [Doc. No. 14-1]. The movant raised no objection to this portion of the R&R. An appeal waiver, including a waiver of the right to collaterally challenge a sentence via § 2255, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted). As pointed out by the magistrate judge, this court specifically ensured that the movant understood the full significance of the waiver and that the movant knowingly and

voluntarily agreed to the waiver. Plea Tr. at 12-14, 19-22 [Doc. No. 34].
Therefore, the movant's prosecutorial misconduct claim is barred.

### 3. Certificate of Appealability ("COA")

Section 2253 sets forth the standard a movant must satisfy to obtain appellate review of this court's disposition of his § 2255 motion to vacate:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -
>
> (A) the final order in a habeas corpus proceeding which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(1-3). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). The magistrate judge found that the movant could not meet that standard, and this court agrees.

Accordingly, the movant is denied a COA. The movant may request a circuit judge to issue a COA since this court has denied the same. Fed. R. App. P. 22 (b)(1, 2). "Under the plain language of the rule, an applicant for the writ gets two bites at the appeal certificate apple: one before the district judge, and if that one is unsuccessful, he gets a second one before a circuit judge." *Jones v. United States*, 224 F.3d 1251, 1255 (11th Cir. 2000) (quoting *Hunter v. United States*, 101 F.3d 1565, 1575 (11th Cir. 1996)).

### III. Conclusion

Based on the foregoing, the movant's objections [Doc. No. 50] are OVERRULED, and the magistrate judge's R&R [Doc. 48], as reviewed herein, is ADOPTED as the order of the court.

IT IS ORDERED that the motion to vacate [Doc. 41] is DENIED, and that a COA is DENIED.

The clerk is DIRECTED to close the civil action associated with the filing of the motion to vacate.

SO ORDERED, this 6th day of April, 2020.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge